IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-91-176-4 |
| | § | |
| JOSE HELI-MEJIA | § | |
| | § | |
| Defendant-Movant | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. §2255 is Movant Jose Heli-Mejia's Motion, which is captioned as a "Petition for Writ of Audita Querela, Writ of Error, Pursuant to Title 28 United States Code § 1651 and Pursuant to the United State's Supreme Court's decision in *United States v. Morgan*, 364 U.S. 507, S.Ct. 247 (1954)." (Document No. 462). After reviewing the motion, the record of the proceedings before the District Court in the underlying criminal case, and on appeal, his earlier attempts at federal post conviction relief, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Jose Heli-Mejia's Petition for Writ of Audita Querela, Writ of Error, Pursuant to Title 28 United States Code §1651 and Pursuant to the United State's Supreme Court's decision in *United States v. Morgan*, 364 U.S. 507, S.Ct. 247 (1954) (Document No. 462) be DENIED and that this, his third §2255 Motion to Vacate, Set Aside or Correct Sentence, be DISMISSED WITHOUT PREJUDICE.

I.      **Procedural History**

Movant, Jose Heli-Mejia ("Heli-Mejia"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. §2255. This is Heli-Mejia's third attempt at §2255 relief.

On October 29, 1991, Heli-Mejia and five others were charged by Indictment with drug trafficking activities. (Document No. 1). In particular, Heli-Mejia was charged with one count of conspiracy to possess with intent to distribute cocaine, and one count of aiding and abetting the possession with intent to distribute cocaine. Following an eleven day trial, a jury convicted Heli-Mejia of both counts. A Presentence Report was prepared, to which Heli-Mejia filed written objections. (Document Nos. 180, 185).[1] On September 21, 1992, Heli-Mejia was sentenced to concurrent terms of incarceration of 350 months, to be followed by five years of supervised release. (Document No. 189). Judgment was entered on September 3, 1992. (Document No. 202).

Heli-Mejia appealed his conviction to the Fifth Circuit Court of Appeals. (Document No. 194). The Fifth Circuit Court of Appeals affirmed Heli-Mejia's conviction on May 18, 1994. (Document No. 231, 233).

Thereafter, Heli-Mejia filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2)" (Document No. 263), in which Heli-Mejia moved for a sentence reduction based on an amendment to the Sentencing Guidelines that had reduced the upper end of the drug quantity table. The Court denied Heli-Mejia's request for a sentence reduction because Heli-Mejia's base offense

---

[1] According to ¶ 63 of the PSR, Heli-Mejia was held accountable for 250.01 kilograms of cocaine. U.S.S.G. 2D1.1(c)(1) established a base offense level of 38 for offenses involving at least 150 kilograms but less than 500 kilograms of cocaine. Also, because Heli-Mejia occupied the role of an organizer and/or leader of the drug trafficking operation, his sentence was adjusted upward pursuant to U.S.S.G. § 3B1.1(a).

level of 38 would have remained the same under either version of the guidelines based on the quantity of cocaine involved in the offense, 250.1 kilograms of cocaine. (Document No. 266).  Heli-Mejia then filed a §2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 274). On May 9, 1997, he filed an Amended §2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 276). The Government filed an Answer. (Document No. 279). Heli-Mejia raised four grounds for review in his Amended §2255 Motion. In his first ground, Heli-Mejia argued that the Government knowingly used perjured testimony of a Government informant in order to obtain his conviction. Heli-Mejia through ground two argued that the venire panel was tainted by an under-representation of Hispanics. Ground three alleged that Heli-Mejia's trial counsel was ineffective for failing to object to false information contained in the presentence report. Ground four alleged that trial counsel was ineffective for failing to secure a plea agreement for him. The undersigned Magistrate Judge recommended that Heli-Mejia's §2255 motion be denied. (Document No. 302). In particular, because Heli-Mejia failed to raise grounds one and two on his direct appeal, and further failed to show either cause and prejudice associated with his failure to raise those claims on appeal or that there had been a complete miscarriage of justice, his perjured testimony and venire panel claims were procedurally defaulted. With respect to Heli-Mejia's ineffective assistance of counsel claims, because Heli-Mejia failed to provide any evidence, in affidavit form or otherwise, that counsel failed to object to false and adverse information contained in the PSR, his claim failed. Likewise, Heli-Mejia's contention that counsel did not negotiate and secure for him a Plea Agreement when counsel knew or should have known that he would be convicted if he proceeded to trial, the contention was not only conclusory but also failed because Heli-Mejia made no showing that the Government would have entered into plea negotiations, and further, that even had negotiations commenced, there was no

showing that a plea agreement could have and would have resulted. Thereafter, on September 15, 1998, the Court adopted in *toto* the Memorandum and Recommendation and denied Heli-Mejia's amended §2255 motion (Document No. 306), and in an Order entered November 9, 1998, denied Heli-Mejia's Motion for a Certificate of Appealability. (Document No. 311).

The docket sheet further shows that Heli-Mejia filed a Motion, pursuant to Fed.R.Civ.P. 60(b), Challenging the Jurisdiction of the Court to Sentence Petitioner Pursuant to 18 U.S.C. § 3231 (Document No. 325). In that motion, Heli-Mejia , relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), argued that his sentence should be vacated because the indictment failed to allege the amount of drugs involved in the offense and because the District Court failed to charge the jury to determine the amount of drugs involved in the offense beyond a reasonable doubt. Based on the relief requested by Heli-Mejia, the Court construed Heli-Mejia's motion as a second § 2255 motion, and because he had not sought permission from the Fifth Circuit Court of Appeals to file a successive §2255 motion, denied the motion. (Document No. 365). Heli-Mejia appealed the dismissal and the Fifth Circuit Court of Appeals remanded the matter for a determination of whether the untimely filing of the notice of appeal by Heli-Mejia was due to excusable neglect or good cause. (Document No. 376). In an Opinion on Remand (Document No. 382), the Court concluded that Heli-Mejia had made no showing of excusable neglect for the untimely filing of his notice of appeal. (Document No. 382). The Fifth Circuit denied Heli-Mejia's Certificate of Appealability and dismissed the matter. (Document No. 393). The United States Supreme Court denied Heli-Mejia's petition for writ of certiorari. (Document No. 394).

Next, the docket sheet shows that on September 28, 2005, Heli-Mejia filed a Motion for Reduction of Sentence under Rule 35 based on the retroactive application of Amendment 591 of the

Sentencing Guidelines (Document No. 413), in which he challenged his conviction based on *Apprendi* and its progeny, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005).  The Court denied his Motion for Reduction of Sentence on December 1, 2005. (Document No. 417).  Heli-Mejia appealed the denial, and the Fifth Circuit Court of Appeals affirmed the denial of his motion because Amendment 591 had not lowered the guidelines that applied to Heli-Mejia.  (Document No. 452 and 453).

     Now, Heli-Mejia has filed a "Petition for Writ of Audita Querela, Writ of Error, Pursuant to Title 28 United States Code §1651 and Pursuant to the United States Supreme Court's Decision in *United States v. Morgan*, 364 U.S. 507, S.Ct. 247 (1954)" (Document No. 462), in which he again challenges his conviction under *Booker.*  According to Heli-Mejia, his motion should not be considered as a successive §2255, but one under Audita Querela, which is "available to fill the gap of federal post-conviction remedies."  According to Heli-Mejia, because *Apprendi, Blakely,* or *Booker* do not apply retroactively to cases on collateral review, he would not be entitled to relief under §2255, and as such, relief under audita querela would fill the gap in a situation such as here, where he "is almost 80 years old, in poor health, and has been in continuous incarceration for almost 18 years.  He has maintained a clear conduct during his entire period of incarceration and has accumulated several outstanding progress reports in his entire prison tenure. He is by no means a threat to society and he is in need of being with his wife, children and grandchildren the few years he had left." (Document No. 462, p. 6 & 27).  In support of his motion, Heli-Mejia relies on *United States v. Morgan*, 346 U.S. 502, 510-11 (1954), in which the Supreme Court held that §2255 did not "encompass the entire field of post-conviction relief" for federal prisoners.  According to Heli-Mejia,

5

he has no recourse but to bring the instant motion as one for a writ of audita querela because all of the cases he relies on for relief do not apply retroactively in §2255 proceedings.

Here, Heli-Mejia's motion, regardless of its caption, should be construed as a successive §2255 motion. "The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). However, with respect to when the circumstances under which the writ would apply, the Fifth Circuit noted: "[i]t is an open question whether the obsolescent writ survives as a post-conviction remedy." *Id*. The writ is not available where the defendant may seek relief under §2255. *Banda*, 1 F3d at 356; *United States v. Diggs,* 283 Fed. Appx. 223, 2008 WL 2477650 (5th Cir. (unpublished per curium), *cert denied*, __U.S.___, 2008 WL 4451869 (2008) (writ of audita querela seeking to challenge sentence because it was too harsh and violated defendant's constitutional rights, was a collateral challenge to the sentence and, thus, cognizable under §2255, and dismissing writ because defendant had failed to seek leave to file a successive §2255 motion from the Fifth Circuit); *United States v. Mason*, 131 Fed. Appx. 440 (5th Cir.), *cert. denied*, 545 U.S. 1148 (2005) (unpublished per curium) (fact that defendant, who sought to raise *Blakely* claim, could not meet second or successive requirements under §2255, did not render §2255 remedy unavailable for purposes of writ of audita querela).

Here, Heli-Mejia's motion for writ of audita querela does not attack the integrity of any §2255 proceedings. Instead, he continues to challenge the constitutionality of his sentence based on the holdings of *Apprendi, Blakely* and *Booker.* Since this is the type claim that is cognizable under §2255, Heli-Mejia's motion for writ of audita querela should be construed as a §2255 motion, and

because this is not his first request for relief under §2255, his motion should be dismissed because Heli-Mejia has not sought leave to file a successive §2255 motion from the Fifth Circuit.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. §2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. §2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. §2244(3)(A), Helia-Mejia must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Helia-Mejia's successive §2255 motion. *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich,* 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Here, Helia-Mejia filed his third federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until

---

[2] Heli-Mejia's reliance on *Kessack v. United States*, 2008 WL 189679 (W.D.Wash. January 8, 2008) is misplaced. In *Kessack*, the Court based on "truly unique" facts concluded that the writ of audita querela might be used "to achieve justice in extraordinary situations" where other postconviciton remedies are unavailable, and granted Movant the relief requested. Here, in contrast, the facts presented by Helia-Mejia are not extraordinary or unique. Second, *Kessack* is not binding precedent in the Fifth Circuit.

Helia-Mejia obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action, and it should therefore, be dismissed without prejudice.

**III.     Conclusion and Recommendation**

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant Jose Heli-Mejia's Motion, which is captioned as a "Petition for Writ of Audita Querela, Writ of Error, Pursuant to Title 28 United States Code §1651 and Pursuant to the United State's Supreme Court's decision in *United States v. Morgan*, 364 U.S. 507, S.Ct. 247 (1954)". (Document No. 462) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. §636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77028.

Signed at Houston, Texas, this 10th day of November, 2008.

_____
Frances H. Stacy
United States Magistrate Judge